## CONVERSION BY A COURT OFFICER.

[Common Pleas Court of Defiance County.]

THE STATE OF OHIO v. WALTER R. FABIN.

Decided, June 25, 1906.

*Criminal Law—Embezzlement—History of the Statute Relating to— Rules of Construction—Neither the Court nor its Receiver an "Officer"—Section 6842.*

Special masters commissioners and receivers are not subject to prosecution for embezzlement in Ohio.

KILLITS, J:

Two cases with the above title are before us for consideration on demurrer to the several indictments. The indictments cover the same ground and attempt to charge the same crime, the later having been returned in an attempt to correct the former. The ground of the demurrers is that the statutes of this state defining the crime of embezzlement do not include, in their descriptions of persons subject to prosecution, officers of the court, such as master commissioners and receivers.

The defendant was indicted in four counts, the first charging that at the time of the commission of the alleged offense he was "an officer, to-wit, a special master commissioner," appointed by this court in a certain action then pending herein, describing it, and, after negativing the exceptions found in Section 6842, that by virtue of his said office and employment, and while discharging the duties thereof, he received and took into his possession certain money belonging to and which should have been distributed to the certain persons named in the indictment, which he fraudulently and unlawfully embezzled and converted to his own use. The second count is identical with the first, save that the defendant is therein described as "an officer, to-wit, a receiver appointed," etc. The third and fourth counts follow the first and second in all essentials, save that the amount alleged to have been embezzled is another sum, belonging to and to have been distributed to a different person.

It is evident that an attempt has been made to plead an offense under Section 6842, which, so far as is pertinent to the cases under consideration, and at the date of the alleged offense, reads as follows:

"An officer, attorney at law, agent, clerk, guardian, executor, administrator, trustee, assignee in insolvency, servant or employee of any person, except apprentices, etc.,   *   *   *   who embezzles, etc.,   *   *   *   and an officer elected or appointed to an office of public trust or profit in this state, and an agent, clerk, servant or employee of such officer, etc.,   *   *   *   who embezzles, etc.,   *   *   *   is guilty of embezzlement."

Apparently the pleader conceived the defendant, as receiver or master commissioner, to be an "officer" as that term is first used in the statute; the demurrer challenges the proposition that defendant, in such capacity, came within any of the foregoing descriptions of persons capable of embezzling, and our decision must turn on the construction of this statute, and particularly of the words describing persons liable. At the outset we are met with the rule of strict construction. No person may be made subject to a criminal statute by implication, however his offense may appear to be within its reason. Only such transactions or persons are included in a criminal statute which are within both the spirit and the letter of the law, and all doubts of interpretation must be resolved in favor of the accused. *Andrew* v. *U. S.*, 2 Story, 202; *Hall* v. *State*, 20 Ohio, 7; *State* v. *Meyers*, 56 O. S., 340.

As a necessary corollary to this rule, it is settled that there are no common law crimes in this state, and no act, however hurtful or immoral, is punishable as a crime in Ohio, unless the same is specifically embraced within the terms of some statute. *Sutcliff* v. *State*, 18 Ohio, 469; *Mitchell* v. *State*, 42 O. S., 383; *Johnson* v. *State*, 66 O. S., 59.

Turning now to the section, and its legislative history, always open for profitable consideration in constructing statutes, we find that the first embezzlement statute was passed in 1839 and read as follows:

"That if any clerk or servant of any private person or of any co-partnership, except apprentices and persons within the age of

eighteen years, or if any officer, agent, clerk, or servant of any incorporated company shall embezzle," etc. (Swan, Statutes of 1841, page 239; 37 Ohio Laws, page 74.)

This law did not have the last clause relating to embezzlements by public officers, their agents and servants, and it will be noticed that the word "officer" is limited exclusively to corporations.

The law was next amended in 1864 (61 Ohio Laws, 59) by adding the words "or joint stock company" after the words "incorporated company." In other respects the law was left as it had existed for two decades. In 1869 (66 Ohio Laws, 29) it was amended by the insertion of the word "agent" after "clerk" in the first line, and by adding the clause relating to embezzlements by public officers.

In 1877 the criminal statutes of Ohio were revised (74 Ohio Laws, 240) under this title: "An act to amend, revise and consolidate the statutes relating to crimes and offenses, and to repeal certain acts therein named, to be known as title one, crimes and offenses, part four of the act to revise and consolidate the general statutes of Ohio." The first section of this act provided that the words "person" and "another," when used to designate the owner of any property the subject of an offense, should be held to include "not only natural persons, but every other owner of property." (See Section 6794.) This provision made possible a consolidation of several embezzlement statutes, and accordingly, a comprehensive law appears on page 249 of the laws of that year, as follows:

"An officer, agent, clerk, servant, or employee of any person (except apprentices, and persons under the age of eighteen years) who embezzles, etc.,  *  *  *  and an officer elected or appointed (to) an office of public trust or profit in this state, and an agent, clerk, servant or employee of such officer, or of a board of such officers who embezzles," etc.

This revision and consolidation is seen to have consisted in rearranging and cutting down the number of words in the first part of the old main statute, made possible by the enlarged use of the term "person," and, by adding the words "and an agent, clerk, servant or employee of such officer, or of a board of such officers," in doing away altogether with several long sections

relating to embezzlements by appointees in the public institutions.

It is a mandate of construction of all revised statutes, and particularly those embraced in the revision provided for by the act of 1875 (72 Ohio Laws, 87) of which this embezzlement statute, as re-enacted in 1877, is one, that the same construction which the original statute received, or would have received had its interpretation been called for, should be applied to its enactment in its revised and consolidated form, although the language may have been changed, unless it is clear that by ·changed language a change of substance was intended. *Allen* v. *Russell*, 39 O. S.; 336, 337.

Applying the principle, it is plain that as to the first use of the word "officer" in the revised statute, there is no enlargement of the revised statute over the original, and that only the "officer" of a person, *i. e.*, an artificial person, such as can become and is the owner of property (Section 6794)· is within its provisions. It is apparent that, applying this rule, and considering the elements out of which the revised statute was created, that the word "person" can not include the court; that where it is seen from the facts in the case, not to mean a natural person, its application is limited to incorporated or joint stock companies. Judge Thurman, in *Bloom* v. *Richards,* 2 Ohio State, 387, 400, says: "The law is presumed to use words in their ordinary signification, unless a contrary intention is apparent," and that principle rigidly applies in interpretating a criminal statute, where strictness is required. It would be nonsense to say that the court is a natural "person," and it would violate the rule above mentioned to say that a court is one of the artificial persons embraced in the use of this word here, not only because what were embraced within the provisions of the old statutes were' clearly defined, but because of the fact that the first section of the criminal revision act (74 Ohio Laws, 241, Section 6794) limits the application of the word to such artificial persons as are the owners of property.

The court appointing Fabin receiver or master commissioner was the owner of the money he is charged with embezzling neither as a general proposition, because of the nature of the

court's relation to the matters with which it deals, nor as a fact as a private individual.

Our conclusion, therefore, as to the first part of the law, in force at the time of Fabin's alleged offenses, is that he was not then an officer as the term is there used, and that, assuming that the pleader conceived his facts to lie within that part of the statute, he was in error. That this portion of the law has been recognized by the Legislature to be too narrow in its application to meet all cases of embezzlements by persons occupying fiduciary relations touching private interests is seen in the course of legislation since 1877. In 1881 (78 Ohio Laws, 186), the words "attorney at law, guardian, executor, administrator," were added; in 1885 (82 Ohio Laws, 140), the words "assignee in insolvency" were added, and a recapitulation of all the capacities in which things of value might come into the possession of the embezzler to be within the statute was had; in 1886, bringing the statute down to the form in which it was at the time of the commission of Fabin's alleged offenses (83 Ohio Laws, 23), the word "trustee" was added; finally, in 1902 (95 Ohio Laws, 303), it was deemed necessary to make a provision covering fraternities and mutual benefit societies. We believe the court should recognize this feeling of the Legislature that the statute can not be extended beyond its strict terms.

Can it be said that Fabin came within the description contained in the second paragraph of the statute, "an officer elected or appointed to an office of public trust or profit in this state, and an agent, clerk, servant or employee of such officer?" But a moment's thought suggests that a receiver or master commissioner may not be called an officer filling a position of public trust or profit. But can he be fairly described as an agent, clerk, servant or employe of such officer? The answer of this in the negative is imperative after a brief consideration of the status of a court, and of the relation of a receiver thereto. The indictment avers that the defendant was appointed to the position by the court, as distinguished from the judge at chambers. Now a court can not be said to be an officer. Webster defines a court as being "an official assembly, legally met together for the transaction of judicial business," which needs for its lawful

gathering a number of individual officers, judge or judges, clerk and ministerial officers, and all definitions exclude the idea that the collective body known as a court is embraced with the term "officer." 11 Cyc., 652.

Nor, if the court might be considered an officer, is a receiver appointed by it, its agent, within the authorities.

"A receiver is an indifferent person between the parties, appointed by the court to receive the issues or profits of land or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it. * * * The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court." *Booth* v. *Clark*, 17 Howard (58 U. S.), 322.

These words do not describe either an agent, clerk, servant or employe, either of whom may bind his superior, by the performance, without special orders, of anything in the scope of his engagement which his master might do, and which are incidental thereto.

Pretty nearly this exact question, distinguished only because of a difference in the wording of the statutes, was before the Supreme Court of Kansas, in *State* v. *Hubbard*, 58 Kansas, 797 (39 L. R. A., 860), wherein this language is used:

"The contention of the defendant is that the relation of agency, as ordinarily understood, does not exist between a receiver and the court which appoints him or the parties for whom he acts. A majority of the court agree with this contention, and are of the opinion that a receiver is not an agent within the meaning of the statute. It is held that in construing a criminal statute, words must be given their ordinary meaning, unless it is clear that another was intended, and that to place receivers in a class with agents requires a strained and unusual construction of the statutory language."

Although the statutes under consideration differ, the argument of the Kansas court is equally applicable to the situation before us.

We are of the opinion, therefore, that the criminal laws of this state are not broad enough to embrace embezzlements by receivers or special master commissioners, and that the demurrer to

each indictment should be sustained, with exceptions to the state.

*Marshall & Fraser*, for the demurrers.

*D. F. Openlander*, Prosecuting Attorney, and *Winn & Hay*, for the state.